IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN FLOYD CAREY, SR., :
:
          Plaintiff, :
: Civil No. 4:07-cv-1930
    v. :
: Judge John E. Jones III
FIRST NATIONAL BANK OF :
PORT ALLEGANY, *et al.*, :
:
          Defendants :

## MEMORANDUM

### November 1, 2007

Plaintiff John Floyd Carey, Sr., currently incarcerated at the Clinton County Correctional Facility in McElhatten, Pennsylvania, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 with the filing of a complaint on October 22, 2007. (Doc. 1.) Carey also filed an application to proceed *in forma pauperis*. (Doc. 2.) Because Carey has failed to state a claim on which relief may be granted, the Court shall dismiss Carey's complaint pursuant to the screening provisions of 28 U.S.C. § 1915(e).

I.     **STANDARD OF REVIEW**

Because Carey is attempting to proceed *in forma pauperis*, the Court must engage in a screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2). That statute provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii). In conducting this preliminary screening, a court applies using the same standard as that used when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Under the Rule 12(b)(6) standard, a court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A Rule 12(b)(6) motion should be granted "if it appears to a

certainty that no relief could be granted under any set of facts which could be proved...[b]ut a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse*, 132 F.3d at 906.

## II. BACKGROUND

Carey's complaint stems from an alleged plot to sell his real estate without his authorization. Carey names as defendants his ex-wife, her attorney, the bank which holds a mortgage on Carey's property, the insurance company which issued a policy covering his property, his insurance agent, and the purchaser of his property. As best as the Court can tell, Carey alleges the following:

A fire destroyed the convenience store that Carey operated. His insurance company denied his claim for the loss after concluding that the fire was arson caused by Carey. Without the income from his store, and eventually incarcerated, Carey was unable to pay the mortgage on his properties. As part the couple's divorce proceeding, Carey's ex-wife was given permission to sell a 61-acre "farm property" to prevent foreclosure. His ex-wife and her attorney sold not only the "farm property" but also another 6-acre "camp" property that had been his permanent home. The purchaser of the properties had been interested in them for some time, but had been told that Carey would sell only the "farm property" and not the "camp."

Carey asks that his property and its mineral rights be restored to him, that defendants pay the bills for utilities, taxes and maintenance of his properties, and that he be awarded $25 million in damages and $25 million in interest.

## III.   DISCUSSION

The allegations of Carey's complaint, accepted as true, do not state a claim on which relief may be granted under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Carey has not met either of these requirements.

First, Carey points to no constitutional or other federal right of which he has been deprived. Section 1983 is not the proper vehicle for the redress of state and common-law tort claims or breach of contract. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Viewed with the liberal construction applied to *pro se* complaints, *Haines v. Kerner*, 404 U.S. 519 (1972), Carey's allegations may pass for claims of trespass, breach of contract, or an appeal of his divorce proceedings. None of these claims, however, allege the violation of a right secured by the Constitution or federal law. Carey's claims belong, if anywhere, in state court.

Second, none of the defendants named in Carey's complaint are alleged to have acted under color of state law. To be considered "acting under color of state law," a § 1983 defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. "[T]he essence of section 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state." *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997). All of the defendants named in Carey's complaint are private individuals or businesses, none of whom are alleged to be state actors or to have abused power granted by the state.

Because he has not alleged the violation of a right secured by the Constitution and laws of the United States or that the defendants were acting under color of state law, Carey has failed to state a claim for which relief may be granted pursuant to Section 1983. Therefore, Carey's complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] An appropriate order shall issue.

---

[1] In making his application to proceed *in forma pauperis*, Carey did not submit the required affidavit of his assets or certified copy of his trust fund account statement. *See* 28 U.S.C. § 1915(a)(1) and (2). However, given the dismissal of Carey's complaint, the Court shall deny his application to proceed *in forma pauperis* as moot.